Schwab, J.
This case was submitted to the court without the intervention of a jury.
The plaintiff maintains that he is a dealer in gasoline and *242 owns and operates three gas filling stations in several different locations in Cincinnati. He further maintains that he has filed each month with the Tax Commission of Ohio a sworn statement of the quantity of gasoline sold by him in the preceding month, and that in compliance with Section 5531, General Code he has paid the proper excise tax to the treasurer of the state of Ohio. He sets forth that on August 20, 1920, the council of the city of Cincinnati passed an ordinance to levy an occupational tax upon persons, association of persons, firms and corporations carrying on certain trades, professions, occupations and businesses in the city of Cincinnati; he further maintains by reason of the ordinance he has been forced to pay in semiannual installments to the treasurer of Cincinnati an excise tax of $100 per annum per station. He further maintains that inasmuch as the state of Ohio has levied in Sections 5526-40, General Code, an excise tqx upon the owners of gasoline filling stations, the ordinance and the tax collection which it authorizes is as to the plaintiff and gasoline dealers similarly situated illegal, for the reason that the state excise tax levied in the said sections of the General Code, has preempted this field of taxation.
He further maintains, on December 13, 1930, within one year prior to the bringing of this action, he paid under protest and involuntarily to the defendant one hundred and fifty dollars as the semi-annual occupational tax on his three gas filling stations. He maintains that prior to the payment of this tax he spoke to the treasurer of the city of Cincinnati, and asked what he would do if the tax was not paid, thereupon the treasurer stated that in such case he would vigorously pursue every method of coercion and enforcement that the ordinance of the city of Cincinnati permitted.
The ordinance relating to this subject is set out as follows:
“Sec. 812-8. For every month or fraction thereof for which any of such installment of taxes shall remain delinquent after the same shall have become payable as herein provided there shall be added to the amount of such tax a penalty of five (5) per cent which shall be collected in the *243 same manner as such tax, but the addition or remitting of the same by the city auditor, who shall have the power of remitting this penalty whenever the taxpayer shall show good cause for his failure to pay within the time as prescribed in this ordinance, shall not release the person, association of persons, firm or corporation from whom or from which said tax shall be due, from liability to conviction for violating any of the provisions of this ordiannce, nor release any order made, or penalty imposed by reason of such conviction.
“Sec. 812-10. ' Any person, association of persons, firm or corporation carrying on such trade, profession,- occupation or business in said city without having paid the tax herein provided, shall be deemed- guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum not less than five dollars ($5.00) nor more than one hundred dollars ($100.00) for each offense, A conviction thereunder shall not excuse or exempt such person, association of persons, firm or corporation from the payment of any tax or penalty due arid unpaid at the time of such conviction nor from the liability in any civil action for such delinquent tax and penalty. Each day that any person, association of persons, firm or corporation, carries on any such trade, profession, occupation or business in said city without having paid the tax herein provided, shall be and constitute a separate violation of this ordnance.”,
Plaintiff furthers maintains he believed this tax to be illegal and solely -by reason of the threats of the city treasurer, he paid it involuntarily under protest; that had he refused to pay, and had the city treasurer carried into operation his threats, the plaintiff would have been subject to such heavy penalties in added taxes that his business would have been seriously impaired, if not destroyed, in addition to subjecting him to conviction for a misdemeanor, with jail sentence or fine. Wherefore he prays judgment against the city of Cincinnati in the sum- of one hundred and fifty dollars with interest from December 13, 1930, and costs.
The city of Cincinnati has filed an answer admitting that the plaintiff is a dealer in gasoline as defined in Section. 5526, General Code, and admitting that it passed an ordinance on August 20, 1920, to levy an occupational tax, and that the tax as paid by the plaintiff on the 13th day of December, 1930, was within the period for such payment as fixed by *244 the ordinance as hereinabove referred to. Defendant denies each and every other allegation contained in the petition, and prays that the petition be dismissed.
A demurrer has been filed to the petition herein, which was followed by argument before Judge Alfred Mack, who, after consideration of the same, handed down a memorandum opinion overruling the demurrer holding that the allegations of the petition constitute a good cause of action. In his opinion on the demurrer Judge Mack found that the occupational tax in question was invalid and unenforceable, and that the petition recited facts which would entitle plaintiff to recover. The question before this court is whether proof offered by the plaintiff supports the allegations of the petition.
From the testimony submitted in the case the court finds that in March, 1930, the plaintiff had a conversation with the city treasurer. This conversation was brought about by reason of a request of the city treasurer that the plaintiff pay the occupational tax then due, with the penalties which had attached for failure to pay the same. The court finds that at that time the city had been successful in an injunction proceeding wherein a taxpayer had sought relief from paying the occupational tax (in the Common Pleas Court of this county) on the ground of the illegality of the occupational tax. At that time the city treasurer made a statement to the plaintiff to pay the back taxes, adding thereto as a penalty twenty per cent of the taxes, advising the plaintiff that in the future would go the limit of the law to enforce the payment of the occupational tax with all the penalties necessary in order to enforce collection. The testimony indicates that the plaintiff had full knowledge of the provisions of the city ordinance making it a misdemeanor to fail to pay the occupational tax, and that he was familiar with and knew oi all the provisions of the ordinance with reference to the penalty to be imposed; that thereafter, in December, 1930, he paid the occupational tax, in actual fear of criminal arrest and punishment.
The city treasurer did not testify, so that the statement of the city treasurer as related by the plaintiff stands undisputed.
*245 The court, therefore, finds that the taxpayer personally appeared before the city treasurer, and, having heard the city treasurer voice the threats of what he would do in the event the plaintiff failed to pay his occupational tax in the future, and the plaintiff at the time he paid the tax having knowledge of the drastic provisions of the city ordinance in question, the court, as a matter of fact, finds that the payment of December 13, 1930, was made involuntarily.
In reaching this conclusion the court has in mind the law as set fort hin the case of City of Toledo v. Herman Buechele, 19 O. C. C., 127, the syllabus of which case reads as follows:
“1. Where a city, upon the payment of an annual fee of ten dollars, has issued a license to a person authorizing him to carry on the occupation of a privy vault cleaner in such city for the period of one year, and where such city requires of him to obtain a permit from the board of health before cleaning a privy vault, it is unreasonable and unlawful for such board of health to exact of him the payment of a fee of twenty-five cents or fifty cents, for the issuing of such permit.
“2. The payment of such fees is involuntary, and the same may be recovered back, where the party objects and protests generally against such exaction and is threatened at different times by the president of the board of health with arrest and revocation of his license unless he pays for the permits; and it is not necessary, to make such payments involuntary, that objection and protest be made before the payment of each fee.”
Accordingly, the court finds in favor of the plaintiff in the sum of one hundred and fifty ($150.00) dollars, with interest at the rate of six per cent (6%) per annum from December 18, 1930, and his costs herein expended.